UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DE'LANO DOYE,<br><br>                Plaintiff,<br><br>   v.<br><br>BILL BECHTOLD, et. al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:21-CV-01278<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This is a civil rights action initiated upon the filing of a complaint by *pro se* Plaintiff De'Lano Doye ("Doye") on August 6, 2020, in the Franklin County Court of Common Pleas. (Doc. 1, at 1). On June 25, 2021, Doye filed an amended complaint in the county court asserting various state and federal claims against Defendants Bill Bechtold, Michelle Weller, David Smith, Melyssa Flud (collectively, "Individual Defendants"), and Trinity Services Inc. (collectively, "Defendants")[1]. (Doc. 1-2, at 1). Defendants filed a notice of removal on July 21, 2021, removing the action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). Now pending before the Court are two motions to dismiss the amended complaint filed on July 28, 2021, by Defendants. (Doc. 4; Doc. 5). For the reasons stated herein, it is ordered that the Motions to Dismiss be **GRANTED**. (Doc. 4; Doc. 5).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Doye filed the original complaint in this matter on August 6, 2020, in the Franklin County Court of Common Pleas. (Doc. 1, at 1). On October 9, 2020, Defendants filed

---

[1] In his amended complaint, Doye seeks the dismissal of Melyssa Flud as a Defendant. (Doc. 1-2, at 5). Defendants agree that Flud should be dismissed from the proceeding. (Doc. 7, at 9). As such, Defendant Flud is dismissed from this action.

preliminary objections to Doye's complaint, and the County Court Judge sustained Defendants' preliminary objections and directed Doye to file an amended complaint. (Doc. 1, at 1-2). On June 25, 2021, Doye filed his amended complaint. (Doc. 1-2, at 7; Doc. 1, at 2). In his amended complaint, Doye alleges that he was injured when he bit into two rocks that were incorporated into his food while incarcerated at Franklin County Jail. (Doc. 1-2, at 1). Doye argues that his tooth was broken resulting in substantial pain, medical expenses, and loss of sobriety. (Doc. 1-2, at 2). Doye alleges that the prison staff were negligent and failed to protect him and investigate the incident, violating his Eighth Amendment rights. (Doc. 1-2, at 2). Doye additionally asserts that his First Amendment rights were violated when he was given a vegetarian meal in lieu of a religious halal meal. (Doc. 1-2, at 3). Finally, Doye contends that his grievances have been ignored and he has experienced retaliation for filing such grievances. (Doc. 1-2, at 3-4). Doye seeks a judgment against Defendants and monetary damages. (Doc. 1-2, at 2-5).

On July 21, 2021, Defendants removed the action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). Defendants filed two separate motions to dismiss for failure to state a claim on July 28, 2021. (Doc. 4; Doc. 5). On September 20, 2021, the Court ordered Doye to respond to the motions to dismiss by October 4, 20201, or the motions to dismiss would be deemed unopposed. (Doc. 10, at 1). As of the date of this Order, Doye has failed to file a brief in opposition to Defendants' motions to dismiss. Thus, the time for briefing has passed and the motion is deemed unopposed and ripe for disposition. (Doc. 4; Doc. 5; Doc. 7; Doc. 8).

II.  **LEGAL STANDARD**

Defendants seek to dismiss Doye's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4; Doc. 5). Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also

need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With the aforementioned standard in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, *pro se* plaintiffs are still subject to the basis pleading requirements of Rule 8. *Rhett v. N.J. St. Super. Ct.*, 260 F. App'x 513, 515 (3d Cir. 2008). The Third Circuit has further instructed that if a complaint is

vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

Together, Defendants submit seven grounds for dismissal pursuant to Rule 12(b)(6). (Doc. 7; Doc. 8). First, the Individual Defendants assert that Doye did not properly effect service on them through the sheriff. (Doc. 7, at 17-18). Second, the Individual Defendants argue that Doye fails to assert a claim under § 1983 because negligence is insufficient to allege a claim under § 1983 and because Doye has not alleged their personal involvement or a claim for a violation of the Prison Litigation Reform Act of 1995 ("PLRA"). (Doc. 7, at 10). Third, the Individual Defendants argue that they are entitled to qualified immunity (Doc. 7, at 18-20). Fourth, all Defendants argue that Doye does not plead a claim under the Eighth Amendment. (Doc. 7, at 14-16; Doc. 8, at 12-15). Fifth, Defendant Trinity argues that Doye fails to state a claim under § 1983 because it is not a state actor. (Doc. 8, at 5-6). Sixth, Defendant Trinity states that Doye fails to allege a claim under the 14th Amendment. (Doc. Doc. 8, at 6-8). Seventh, Defendant Trinity arguse that Doye's claims regarding the First Amendment are improper. (Doc. 8, at 8-10).

### A. FAILURE TO SERVE

Defendants Bechtold, Weller, Flud, and Smith argue that Doye failed to serve them with his amended complaint. (Doc. 7, at 17-18). Specifically, the Individual Defendants state that Doye failed to serve them through the sheriff within 30 days after the original complaint or the amended complaint was filed. (Doc. 7, at 17-18). The Individual Defendants argue that they have not been served to this date. (Doc. 7, at 18).

"To determine the validity of service before removal, a federal court must apply the law of the state under which the service was made. *Granovsky v. Pfizer, Inc.,* 631 F. Supp. 2d 554, 560 (D.N.J. 2009) (citing *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986)). Thus, Pa.R.C.P. § 401 states that "[o]riginal process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." Additionally, Pa.R.C.P. § 400 dictates that "original process shall be served within the Commonwealth only by the sheriff" unless "the sheriff is a party to the action" or service may be effected by a competent adult when "the complaint includes a request for injunctive relief under Rule 1531, perpetuation of testimony under Rule 1532 or appointment of a receiver under Rule 1533, . . . partition, and . . . declaratory judgment when declaratory relief is the only relief sought." Accordingly, Defendants allege that Doye has failed to properly effect service of the original or amended complaint on them. (Doc. 7, 17-18).

"[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action." *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07–2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 17, 2013). When determining if a plaintiff has demonstrated good cause for his or her failure to serve, courts look to (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed. *Hamilton v. Hamilton*, No. 4:19-CV-01517, 2020 WL 487128, at *2 (M.D. Pa. Jan. 30, 2020)

(quoting *Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011); *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

Doye has failed to demonstrate good cause for his failure to serve. A review of the first factor indicates that Doye's "efforts to effect service have been deficient." *Hamilton*, 2020 WL 487128, at *2. Doye has not attempted to properly serve the Defendants even after he was directed to do so by the County Court Judge. (Doc. 7, at 18). Doye has failed to respond to the motions to dismiss and presents no excuse to the Court justifying his failure to properly serve the Defendants. Second, although Defendants were served improperly via "certified mail and by mailing a copy to client" and are aware of the claims against them, "[t]he event that forms the basis of [Doye's] complaint occurred in [August 2018], and the lapse in time between that event and th[e date of this order] has likely resulted in 'the inevitable dimming of witnesses' memories'" affecting Defendants' efficacy in defending the litigation.[2] *Hamilton*, 2020 WL 487128, at *2; (Doc. 7, at 18; Doc. 1-2, at 2). Third, Doye has not sought a motion for extension of time to properly serve the Defendants, thus failing to demonstrate good faith in his attempt to properly serve Defendants. *Hamilton*, 2020 WL 487128, at *2. Fourth, it is possible that the statute of limitations will bar Doye's claims against Defendants because the facts leading to his allegations appear to have occurred on August 1, 2018, as the statute of limitations for civil rights claims in Pennsylvania is two years. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); (Doc. 1-2, at 1). Thus, a weighing of the factors finds in favor of Doye's failure to demonstrate good faith and dismissal of the complaint without prejudice is

---

[2] Doye states that he "was incarcerated in the Franklin county jail" on August 1, 2018. (Doc. 1-2, at 1). It is unclear form Doye's amended complaint whether he is alleging that his initial date of incarceration was on August 1, 2018, or if the instances leading to his claims began on that day. (Doc. 1-2, at 1).

warranted.[3] *See Mathies v. Silver,* 266 F. App'x 138, 140 (3d Cir. 2008) (affirming a District Court's order granting the defendants' motion to dismiss because plaintiff failed to properly serve the defendants and failed to show good cause to permit an extension of time to complete service); *see also Hamiltion,* 2020 WL 487128, at *2.

### IV. CONCLUSION

Based on the foregoing, Defendants' Motions to Dismiss are **GRANTED**. (Doc. 4; Doc. 5). An appropriate Order follows.

BY THE COURT:

Dated: January 18, 2022

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**

---

[3] The Court declines to address Defendants remaining arguments as failing to properly serve Defendants is a sufficient ground for dismissal. *See Hamilton,* 2020 WL 487128, at *2-*3.